UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DILLON JAMES CALISI,

    Plaintiff,

v.                                      Case No: 6:24-cv-839-JSS-LHP

VOLUSIA COUNTY
DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, Dillon James Calisi, sues the Volusia County Department of Corrections, Director Mark Flowers, Lieutenant Scott DeEsposito, and four "unknown" defendants under 42 U.S.C. § 1983. (Dkt. 1 at 2–3; Dkt. 1-1 at 1.) Director Flowers and Lieutenant DeEsposito are each sued in their official and individual capacities. (Dkt. 1 at 2–3.) Plaintiff, a convicted and sentenced state prisoner currently incarcerated at Walton Correctional Institution, proceeds in this action pro se. The court reviews the complaint for frivolity under 28 U.S.C. § 1915A. Upon consideration, for the reasons outlined below, the court concludes that the complaint fails to state a claim for relief. Accordingly, Plaintiff must file an amended complaint if he wishes to proceed in this action.

### BACKGROUND

Plaintiff alleges that on April 19, 2020, in Unit 3, Dorm C, Cell 4, of the Volusia

County Jail, he was extracted from his cell, "severely beaten while in handcuffs," and "sprayed with chemical compone[n]ts while handcuffed" even though he "did not harm or attempt to harm officers." (Dkt. 1 at 5; Dkt. 1-2 at 1.) He states that Lieutenant DeEsposito and "multiple" unknown persons (or "John Does") were involved in the incident. (Dkt. 1 at 5.) Further, Plaintiff alleges that although jail "policy and procedure" required the cell extraction to be recorded, it was not. (Dkt. 1-2 at 1.) According to Plaintiff, his original disciplinary report "was for threats towards staff," but "[a]fter many grievances and phone calls from [his] family," jail officials "falsified the documentation and had" his disciplinary report "read ['a]ssault on [s]taff[']" after [he had] already served [his] . . . time for threats towards staff." (*Id.*)

Plaintiff claims that he sustained a "severe gash on top of [his] head, [a] fractured wrist, [and] multiple bruises and cuts on [the] face, body[,] and hands," that he "had to be placed in the infirmary overnight," and that his "head wounds" required him to "be placed on a clear liquid diet." (Dkt. 1 at 5.) Further, Plaintiff alleges that although "[t]he nurse wanted to 'stitch or staple' [his] head wound, . . . officers told her not to." (*Id.*) Plaintiff seeks compensatory and punitive damages, asserting "ongoing" "mental distress . . . and physical disabilities . . . and permanent disfigurement." (*Id.*)

## APPLICABLE STANDARDS

"A dismissal for failure to state a claim under the early screening provision is no different from a dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Danglar v. Dep't of Corr.*, 50 F.4th 54, 55 n.1 (11th Cir. 2022) (quoting *White v. Lemma*, 947 F.3d

1373, 1376–77 (11th Cir. 2020)).  The court "accept[s] the allegations in the . . . complaint as true and construe[s] them in the light most favorable to" Plaintiff. *Id.* "To avoid dismissal for failure to state a claim, [the] complaint must include factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the alleged misconduct." *Waldman v. Ala. Prison Comm'r*, 871 F.3d 1283, 1289 (11th Cir. 2017).  "A pro se pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Id.* "However, a pro se pleading must still suggest that there is at least some factual support for a claim." *Id.*

## ANALYSIS

The complaint fails to state a claim because the Volusia County Department of Corrections and the unknown defendants are not proper parties to this action, Plaintiff fails to allege an official policy or custom for the official-capacity claims, the official-capacity claims against Lieutenant DeEsposito are duplicative of those against Director Flowers, and the individual-capacity claims against Director Flowers and Lieutenant DeEsposito lack factual support.  The court first explains why the Volusia County Department of Corrections and the unknown defendants are not proper parties, then discusses the official- and individual-capacity claims against Lieutenant DeEsposito, and last addresses the official- and individual-capacity claims against Director Flowers.

The Volusia County Department of Corrections is not a proper defendant for this action.  The state in which the district court sits, here Florida, supplies the law governing whether a party has the capacity to be sued. *Dean v. Barber*, 951 F.2d 1210,

1214–15 (11th Cir. 1992). Florida law establishes political subdivisions called counties as well as constitutional officers such as sheriffs. Fla. Const. art. VIII, § 1(a), (d). However, no constitutional or statutory provision of Florida law designates a county correctional facility as a separate legal entity, as an agency of the county, or as a corporate entity. Accordingly, the Volusia County Department of Corrections is not amenable to suit under section 1983. *See Mellen v. Florida*, No. 3:13-cv-1233-J-34PDB, 2014 U.S. Dist. LEXIS 143980, at *15 (M.D. Fla. Aug. 25, 2014) (determining that the Duval County Jail lacked the capacity to be sued under section 1983), *report and recommendation adopted by* 2014 U.S. Dist. LEXIS 143976, at *2 (M.D. Fla. Oct. 9, 2014); *Franklin v. Vazquez*, No. 6:17-cv-1196-Orl-40GJK, 2018 U.S. Dist. LEXIS 236733, at *4–5 (M.D. Fla. July 20, 2018) ("For claims against a county correctional facility, the appropriate defendant is the [s]heriff in his official capacity or the [c]ounty."). Because the Volusia County Department of Corrections is not a proper defendant, the claims against it are dismissed.

Similarly, the four unknown defendants are not proper parties to this action. Subject to "a limited exception," "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The exception applies "when the plaintiff's description of the defendant is [highly] specific." *Id.* Here, Plaintiff provides no description of any unknown defendant. Thus, the claims against each unnamed defendant are dismissed. If Plaintiff wishes to proceed against an unknown defendant, he must describe the defendant with sufficient specificity in his amended complaint to permit service of process on the defendant. *See Dean v.*

*Barber*, 951 F.2d at 1216.  Alternatively, Plaintiff must identify the defendant by name. *See id.*

Plaintiff sues Lieutenant DeEsposito in both individual and official capacities. However, a claim against a defendant in his official capacity is a suit against the entity of which the defendant is an agent—in this case, Volusia County.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  Because Plaintiff also sues Director Flowers in his official capacity, the suit against Lieutenant DeEsposito in his official capacity is dismissed as duplicative.  *See Heywood v. Dixon*, No. 4:23-cv-474-AW-MAF, 2024 U.S. Dist. LEXIS 136946, at *3 (N.D. Fla. Aug. 2, 2024) (dismissing official-capacity claims against two defendants as duplicative of official-capacity claims against another defendant when all three defendants were agents of the same government entity).

The individual-capacity claims against Lieutenant DeEsposito fail because more than vague and conclusory allegations are required to state a claim for relief.  *See DiPietro v. Med. Staff at Fulton Cnty. Jail*, 805 F. App'x 793, 796 (11th Cir. 2020). Plaintiff states merely that Lieutenant DeEsposito "was involved" in the beating. (Dkt. 1 at 5.)  Plaintiff does not provide any details about how Lieutenant DeEsposito was involved.  *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." (quoting *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980))). Therefore, the claims against Lieutenant DeEsposito in his individual capacity are dismissed.

Plaintiff also sues Director Flowers in his individual and official capacities. To attribute liability to Director Flowers in his official capacity under section 1983, Plaintiff must allege that "the moving force of the constitutional violation" was an official policy or custom. *See Vineyard v. County of Murray*, 990 F.2d 1207, 1211 (11th Cir. 1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)); *accord Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) ("A municipality may be held liable under [section] 1983 if the plaintiff shows that a 'custom' or 'policy' of the municipality was the 'moving force' behind the constitutional deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94 (1978))). Plaintiff apparently refers to an official policy when he alleges that not recording his cell extraction was a "violation of policy and procedure." (Dkt. 1-2 at 1.) However, this allegation implies that the official policy could have prevented the constitutional violation, not that it was the force causing the constitutional violation. Absent an allegation that an official policy or custom caused a constitutional violation, the complaint fails to state a claim against a government entity and thus fails to state an official-capacity claim. *See Young v. Fleming*, 146 F. App'x 393, 395 (11th Cir. 2005) ("To the extent that [the pro se plaintiff] is suing [the city official] in his official capacity, [the] complaint fails to state a claim because [the plaintiff] did not allege an official policy or custom of the [c]ity that caused the deprivation of a federal right.").

To the extent Plaintiff sues Director Flowers in his individual capacity, Plaintiff fails to set forth any allegations about Director Flowers's individual actions. Instead, Plaintiff simply attaches to the complaint a series of grievance responses in which

Director Flowers ultimately responds, "Your issue has been reviewed and justified based on the facts presented. This response exhausts all of your administrative remedies. You can now move forward on any future actions you wish to take." (Doc. 1-3 at 5.) A prison official's failure to take corrective action upon a prisoner's filing of a grievance does not amount to a violation of his constitutional rights because "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011). An allegation that a defendant "[m]erely den[ied] a grievance without personally participating in the unconstitutional conduct brought to light by the grievance is insufficient to establish [section] 1983 liability." *Washington v. Jones*, No. 3:18cv1333-LC-CJK, 2019 U.S. Dist. LEXIS 29483, at *8–9 (N.D. Fla. Feb. 13, 2019), *report and recommendation adopted by* 2019 U.S. Dist. LEXIS 29091, at *1 (N.D. Fla. Feb. 25, 2019). Therefore, Plaintiff's individual-capacity claims against Director Flowers are dismissed.

## CONCLUSION

Accordingly:

1. The complaint (Dkt. 1) is **DISMISSED without prejudice** to Plaintiff's filing of an amended complaint within **TWENTY-ONE (21) DAYS** after the date of this order.

    a. To amend his complaint, Plaintiff should completely fill out a new civil rights complaint on the form, marking it "Amended Complaint."

b. The amended complaint supersedes all earlier complaints, and the amended complaint must include **all** of Plaintiff's claims in this action. The amended complaint may **not** refer to or incorporate the previous complaint.

2. **Plaintiff is advised that failure to timely and fully comply with this order will result in the dismissal of this action for failure to state a claim without further notice**.

3. The Clerk is directed to mail to Plaintiff a blank prisoner civil rights complaint form along with this order.

**ORDERED** in Orlando, Florida, on August 23, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party